JEFFREY W. BROKER – State Bar No. 53226
PAMELA ZYLSTRA KARGER – State Bar No. 147977
BROKER & ASSOCIATES PROFESSIONAL CORPORATION
18191 Von Karman Avenue, Suite 470
Irvine, CA 92612-7114

Telephone: (949) 222-2000
Facsimile: (949) 222-2022
email:   *jbroker@balawcorp.com*

Counsel for Debtor / Defendant

U.S. BANKRUPTCY COURT
FILED

FEB - 7 2006

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>TERRY J. O'CONNOR,<br><br>Debtor | Case No.  SA-05-19544 RA<br>Chapter 7 case<br><br>Adversary No. 06-01062 RA<br><br>**ANSWER TO COMPLAINT** |
| BURLINGAME CAPITAL PARTNERS II,<br>L.P., a California limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>TERRY J. O'CONNOR,<br><br>Defendant. | Status Conference:<br><br>DATE:   May 4, 2006<br>TIME:   9:30 a.m.<br>CTRM:  5D<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

COMES NOW DEFENDANT TERRY J. O'CONNOR, Debtor (hereinafter "Debtor") in the within voluntary Chapter 7 case, and in answer to the COMPLAINT on file in the within adversary proceeding, admits, denies and alleges as follows:

1.     Defendant admits the allegations set forth in paragraphs numbered 1 and 2 under "THE PARTIES" in the Complaint.

2.     Defendant admits the allegations set forth in paragraphs numbered 3 and 4 under "THE BANKRUPTCY CASE" in the Complaint.

G:\40341.2 O'Connor Adversaries\0070\Answer Burlingame.doc

**ORIGINAL**

3. Defendant admits the allegations set forth in paragraphs numbered 5 and 6 under "JURISDICTION" in the Complaint.

4. Defendant admits the allegations set forth in paragraph numbered 7 under "VENUE" in the Complaint.

5. Answering paragraph 8 of the Complaint, Defendant admits the allegations in the second through fourth sentences thereof. Other than what is expressly admitted, Defendant denies each, every and all of the remaining allegations set forth therein.

6. Answering paragraph 9 of the Complaint, Defendant admits the allegations in the first and second sentences thereof. Other than what is expressly admitted, Defendant denies each, every and all of the remaining allegations set forth therein..

7. Answering paragraph 10 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

8. Answering paragraph 11 of the Complaint, the documents referenced therein speak for themselves. Other than what is expressly admitted, Defendant denies each, every and all of the remaining allegations set forth therein.

9. Answering paragraph 12 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

10. Answering paragraph 13 of the Complaint, Defendant admits that he obtained a loan from California Bank & Trust that was at some point guaranteed by Python. Other than what is expressly admitted, Defendant denies each, every and all of the remaining allegations set forth therein.

11. Answering paragraphs 14 through 19 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

12. Defendant has insufficient information or belief to enable him to answer the allegations in paragraphs 20 and 21 of the Complaint, and basing his denial on that ground denies each, every and all of the allegations set forth therein.

13.    Answering paragraphs 22 through 26 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

14.    In response to the allegations of paragraph 27 of the Complaint, Defendant incorporates and realleges his responses to paragraphs 1 through 26 of the Complaint hereinabove by this reference as though fully set forth at length.

15.    Answering paragraph 28 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

16.    Answering paragraph 29 of the Complaint, the documents referenced therein speak for themselves.  Other than what is expressly admitted, Defendant denies each, every and all of the remaining allegations set forth therein.

17.    Answering paragraphs 30 through 37 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

18.    In response to the allegations of paragraph 38 of the Complaint, Defendant incorporates and realleges his responses to paragraphs 1 through 37 of the Complaint hereinabove by this reference as though fully set forth at length.

19.    Answering paragraphs 39 through 42 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

20.    In response to the allegations of paragraph 43 of the Complaint, Defendant incorporates and realleges his responses to paragraphs 1 through 42 of the Complaint hereinabove by this reference as though fully set forth at length.

21.    Answering paragraphs 44 through 46 of the Complaint, Defendant denies each, every and all of the allegations set forth therein.

FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute Claims for Relief)

1.    The Complaint fails to state facts sufficient to constitute claims for relief against Defendant.

-3-

<u>SECOND AFFIRMATIVE DEFENSE</u>

(Waiver)

2.      The Complaint is barred by the doctrine of waiver.

<u>THIRD AFFIRMATIVE DEFENSE</u>

(Failure to Mitigate)

3.      Assuming, without admitting, for purposes of this affirmative defense only, that Plaintiff suffered any damages, then such damages, if any, are barred by Plaintiff's failure to take reasonable steps to mitigate its alleged damages.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

(Actions of Third Parties)

4.      Assuming, without admitting, for purposes of this affirmative defense only, that Plaintiff suffered any damages, then such damages, if any, were solely the result of the actions, conduct, inactions, fault, or negligence of persons or entities other than Defendant, thereby relieving Defendant from any and all liability for matters sued on in the Complaint.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

(Apportionment of Damages)

5.      Defendant is informed and believe, and thereon allege, that other persons or entities, whether or not parties to this action, were careless, negligent, at fault or strictly liable, in or about the matters alleged in the Complaint and that said carelessness, negligence, fault or strict liability proximately caused or contributed to the happening of the alleged injury, loss and/or damage complained of, if any; and therefore should any damages be awarded to Plaintiff on the Complaint, such damages must be paid by, or apportioned among, such other persons or entities.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

(Offsets and Credits)

6.      If Defendant has any liability to Plaintiff, which liability is denied by Defendant, Defendants is entitled to credits and offsets in an amount presently unascertained, and in an amount

-4-

to be established according to proof, for any amounts owed to Plaintiff and/or for which Plaintiff has neither properly nor accurately accounted.

SEVENTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

7.    The Complaint is barred by the fact that the alleged damages claimed by Plaintiff were not proximately caused by the actions of Defendant.

EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

8.    The Complaint is barred by the doctrine of estoppel by virtue of Plaintiff's own acts and/or omissions.

NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

9.    The Complaint is barred by the doctrine of unclean hands.

TENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

13.    Defendant hereby reserves the right to add additional affirmative defenses to the Complaint that may arise by virtue of information and facts obtained through the discovery process.

ELEVENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Amend Answer)

14.    Defendant reserves the right to amend his answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## PRAYER FOR RELIEF

WHEREFORE, this answering Defendant prays for relief as follows:

1.    That Plaintiff take nothing by its Complaint;

2.    That Defendant be awarded his reasonable attorneys' fees;

3.    That Defendant be awarded his costs of suit; and

4.    For such other and further legal and equitable relief as the Court deems just and proper.


DATED: February 6 , 2006          BROKER & ASSOCIATES
                                  PROFESSIONAL CORPORATION

                                  By: _____
                                      Jeffrey W. Broker
                                  Counsel for Debtor / Defendant

-6-

**PROOF OF SERVICE**
1013A (3) CCP

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, California 92612-7114

On **February 6 , 2006,** I served the document(s) named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   **ANSWER TO COMPLAINT**

SERVED UPON:

Attys for Plaintiff Burlingame Capital
Partners II, L.P.
Vincent M. Coscino, Esq.
A. Kenneth Hennesay, Jr., Esq.
Allen Matkins Leck Gamble &
Mallory
1900 Main Street, Fifth Floor
Irvine, CA 92101-3577

☒   (BY MAIL)  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this affidavit.

☐   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand on the same date.

☐   (BY OVERNIGHT MAIL)  I am readily familiar with the practice of the firm for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **February 6 , 2006,** at Irvine, California.

_____
Michelle L. Coppolella